FILED & ENTERED

OCT 06 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>JUDITH MENDEZ,<br><br>Debtor(s). | Case No.: 2:26-bk-13745-WB<br><br>CHAPTER 13<br><br>**ORDER DENYING (1) DEBTOR'S APPLICATION TO DEEM MOTION FOR RECONSIDERATION TIMELY FILED; AND (2) DEBTOR'S MOTION FOR RECONSIDERATION**<br><br>[No hearing required] |

Before the Court are two filings by debtor Judith Mendez ("Debtor"): 1) Debtor's Application and Request to Deem Motion for Reconsideration Timely Filed as of August 21, 2026 ("Application"), filed on August 27, 2026 [Docket No. 83], and 2) Debtor's Consolidated Motion for Reconsideration, to Alter or Amend and Vacate Order Dismissing Chapter 13[1] Case With Prejudice and Imposing Bar

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("Civil Rule" or "FRCP").

to Refiling ("Motion for Reconsideration"), also filed on August 27, 2026 [Docket No. 84] (collectively, the "Motions"). Having reviewed the Motions and the record in this case, the Court finds the matters suitable for disposition without a hearing. For the reasons that follow, the Motions are denied.

**BACKGROUND**

On August 7, 2026, the Court entered an order dismissing Debtor's chapter 13 case with prejudice under 11 U.S.C. §§ 1307(c) and 349(a) and barring Debtor from filing another bankruptcy petition under any chapter ("Case Dismissal Order"). The Court found, based on the totality of the circumstances, that Debtor filed the case in bad faith and that her conduct warranted dismissal with prejudice.

A motion to alter or amend the Case Dismissal Order under Rule 9023 was due fourteen days later, on August 21, 2026. Debtor did not file the Motion for Reconsideration until August 27, 2026. In the Application, Debtor asserts that she attempted to submit the motion electronically on August 21 but experienced problems with the filing portal and inadvertently included a blank signature page before the executed signature page. She asks the Court to deem the corrected motion timely filed as of August 21. Alternatively, she asks that the motion be considered under Rule 9024 and Civil Rule 60.

In the Motion for Reconsideration, Debtor asks the Court to vacate the Case Dismissal Order under Civil Rules 60(b) and 60(d)(3), remove the bar to refiling, reinstate the bankruptcy case, and conduct an evidentiary hearing. Debtor principally argues that the Court did not have the full picture when it found that she acted in bad faith. She again disputes the amount owed to BYOLL LLC, the validity and effect of the foreclosure sale, Neelah Shaikh's ("Shaikh") ownership and standing, and the Court's treatment of Debtor's prior litigation and adversary proceedings.

//

//

## DISCUSSION

Rule 9023 makes Civil Rule 59 applicable in bankruptcy cases and requires a motion to alter or amend a judgment to be filed no later than fourteen days after entry of judgment. Rule 9006(b)(2) expressly provides that the Court may not enlarge the time to act under Rule 9023.

The Application is denied. Debtor characterizes her request as the correction of a timely August 21 submission, but the Court's internal records show that the Motion for Reconsideration was uploaded to the Court's electronic Drop Box[2] ("EDB") on August 22, 2026, at 2:22 a.m., after the Rule 9023 deadline had expired. Although the proof of service accompanying the submission is dated August 21, it does not establish that the Motion for Reconsideration was uploaded to or received by the Court on that date. Court staff rejected the August 22 submission on August 25, and Debtor filed the corrected Motion for Reconsideration on August 27. Treating either the August 22 submission or the August 27 filing as timely would, in substance, enlarge the period prescribed by Rule 9023, which Rule 9006(b)(2) does not permit.

The Court nevertheless considers the Motion for Reconsideration under Rule 9024, which makes Civil Rule 60 applicable in bankruptcy cases. A motion for reconsideration may also be construed as a motion for relief from a judgment under Rule 9024 where the time for filing an appeal has expired. *United States v. Nutri–cology, Inc.,* 982 F.2d 394, 397 (9th Cir. 1992). Civil Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1442 (9th Cir. 1991). The movant

[2] The Court's website explains that the EDB allows self-represented litigants to upload documents electronically for filing in bankruptcy cases and adversary proceedings, but that the documents are not filed with the Court until after the Court reviews them.

bears the burden of establishing entitlement to relief under the particular subsection invoked. *See In re Martinelli,* 96 B.R. 1011, 1013 (9th Cir. BAP 1988).

Civil Rule 60(d)(3) preserves the Court's authority to set aside a judgment for fraud on the Court. Relief under this provision is narrowly construed and requires clear and convincing evidence of an intentional, material scheme that undermined the integrity of the judicial process. Ordinary fraud between the parties, nondisclosure, conflicting evidence, or allegedly false statements generally do not rise to the level of fraud on the Court. *United States v. Stonehill*, 660 F.3d 415, 444–45 (9th Cir. 2011).

The caption of the Motion for Reconsideration cites Civil Rules 60(b)(1), (2), (3), (4), and (6), but Debtor does not separately address any subsection or explain how her assertions satisfy their respective requirements. The motion instead rests on her contention that the Court reached the wrong result based on an incomplete or erroneous assessment of the record.

The Motion for Reconsideration is also denied. Debtor's arguments amount to disagreement with the Court's findings on bad faith and with its treatment of the BYOLL debt, the foreclosure sale, Shaikh's standing, and her prior litigation. These arguments either were presented or could have been presented before entry of the Case Dismissal Order. She identifies no mistake warranting relief, newly discovered evidence that could not previously have been presented, fraud or misconduct that prevented her from fully and fairly presenting her position, basis for concluding that the Case Dismissal Order is void, or extraordinary circumstances warranting relief. Debtor has therefore not carried her burden under Civil Rule 60(b). Nor has she presented clear and convincing evidence of fraud on the Court under Civil Rule 60(d)(3). Her allegations concerning Defendants' conduct and representations in the underlying disputes do not establish a scheme designed to improperly influence the Court.

Independent of the timeliness issue, even if the Court reached the merits under Rule 9023 and Civil Rule 59(e), the result would be the same. Debtor identifies no newly discovered evidence, intervening change in controlling law, clear error or manifest injustice. Her renewed arguments concerning the debt calculation, foreclosure sale, ownership, standing and prior litigation do not demonstrate a basis to alter or amend the Case Dismissal Order.

Accordingly, IT IS ORDERED:

1) The Application is denied.

2) The Motion for Reconsideration is denied.

###

Date: October 6, 2026

Julia W. Brand
United States Bankruptcy Judge